IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEFFREY D. McDONALD,

      Plaintiff,                               No. CIV S-06-2404 MCE GGH P

    vs.

ROSEANNE CAMPBELL, et al.,

      Defendants.                  <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se.  He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  An initial partial filing fee of $20.00 will be assessed by this order.  28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the

1

preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

\\\\\

1    The complaint states a colorable claim for relief against defendants Baker and
2 Gibson pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b).
3    As to plaintiff's allegations of sexual harassment by defendant Lewis for his
4 highly offensive sexually oriented language directed toward plaintiff, such verbal abuse is not
5 enough to state a violation of plaintiff's Eighth Amendment rights, where plaintiff does not
6 allege that the language was not intended to do more than simply taunt plaintiff. Plaintiff has not
7 alleged, for example, that the verbal abuse was intended to incite an attack upon him or resulted
8 in such an attack. "Although prisoners have a right to be free from sexual abuse, whether at the
9 hands of fellow inmates or prison guards, see Schwenk v. Hartford, 204 F.3d 1187, 1197 (9th
10 Cir.2000), the Eighth Amendment's protections do not necessarily extend to mere verbal sexual
11 harassment. See e.g., Blueford v. Prunty, 108 F.3d 251, 254-55 (9th Cir.1997) (holding that
12 prison guard who engaged in 'vulgar same-sex trash talk' with inmates was entitled to qualified
13 immunity); Somers v. Thurman, 109 F.3d 614, 624 (9th Cir.1997)." Austin v. Terhune, 367 F.3d
14 1167, 1171 (9th Cir. 2004). Even plaintiff's allegations that the "vulgar homosexual comments"
15 were occasionally accompanied by threats does not rise to a constitutional violation because even
16 threats of bodily injury are insufficient to state a claim, as a mere naked threat is not the
17 equivalent of doing the act itself. See Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987).
18    To the extent that plaintiff intends to allege a cell search conducted by defendant
19 Lewis was retaliatory, plaintiff is informed that in order to state a retaliation claim, a plaintiff
20 must plead facts which suggest that retaliation for the exercise of protected conduct was the
21 "substantial" or "motivating" factor behind the defendant's conduct. See Soranno's Gasco, Inc.
22 v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989). The plaintiff must also plead facts which
23 suggest an absence of legitimate correctional goals for the conduct he contends was retaliatory.
24 Pratt at 806 (citing Rizzo at 532). As noted, verbal harassment alone is insufficient to state a
25 claim. See Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987). However, even threats
26 of bodily injury are insufficient to state a claim, because a mere naked threat is not the equivalent

of doing the act itself.  See Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987).  Mere conclusions of hypothetical retaliation will not suffice, a prisoner must "allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights."  Frazier v. Dubois, 922 F.2d 560, 562 (n. 1) (10th Cir. 1990).   Defendant Lewis will be dismissed as a defendant, but plaintiff will be granted leave to amend within thirty days.

As to defendant Campbell, to the extent that plaintiff seeks money damages, the Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Plaintiff has failed to link defendant Campbell to any affirmative act resulting in a constitutional deprivation suffered by plaintiff.

4

To the extent that plaintiff seeks injunctive relief, just as it is not necessary to allege Monell[1] policy grounds when suing a state or municipal official in his or her official capacity for injunctive relief related to a procedure of a state entity, Chaloux v. Killeen, 886 F.2d 247 (9th Cir. 1989), it follows that it is not necessary to allege the personal involvement of a state official when plaintiffs are attacking a state procedure on federal grounds that relates in some way to the job duties of the named defendant.  All that is required is that the complaint name an official who could appropriately respond to a court order on injunctive relief should one ever be issued.  Harrington v. Grayson, 764 F. Supp. 464, 475-477 (E.D. Mich. 1991); Malik v. Tanner, 697 F. Supp. 1294, 1304 (S.D.N.Y. 1988).  ("Furthermore, a claim for injunctive relief, as opposed to monetary relief, may be made on a theory of respondeat superior in a § 1983 action."); Fox Valley Reproductive Health Care v. Arft, 454 F. Supp. 784, 786 (E.D. Wis. 1978). See also, Hoptowit v. Spellman, 753 F.2d 779 (9th Cir. 1985), permitting an injunctive relief suit to continue against an official's successors despite objection that the successors had not personally engaged in the same practice that had led to the suit.  However, because a suit against an official in his or her official capacity is a suit against the state, policy or procedure of the state must be at issue in a claim for official capacity injunctive relief.  Haber v. Melo, 502 U.S. 21, 25, 112 S. Ct. 358, 361-62 (1991).  Plaintiff has not alleged the unconstitutionality of a state policy or procedure in this action.  Defendant Campbell will be dismissed from this action, but plaintiff will be granted leave to amend within thirty days.

Addendum to Complaint

Subsequent to the filing of his original complaint, plaintiff filed an addendum, seeking to supplement his claims for relief.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  Therefore, the court will dismiss the addendum with leave to amend in thirty days.

---

[1] Monell v. Department of Social Servs., 436 U.S. 658, 98 S. Ct. 2018 (1978).

5

1 If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis is granted;

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee of $20.00. All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's claims against defendants Lewis and Campbell are dismissed for the reasons discussed above, with leave to file an amended complaint within thirty days from the date of service of this Order. Failure to file an amended complaint will result in a

1  recommendation that these defendants be dismissed from this action.

2       4. Plaintiff's addendum to his complaint, filed on January 5, 2007, is also
3  dismissed, but plaintiff is granted thirty days to include all his claims for relief in an amended
4  complaint; failure to do will result in the claims in his addendum not being included in this
5  action;

6       5. Upon filing an amended complaint or expiration of the time allowed therefor,
7  the court will make further orders for service of process upon some or all of the defendants.

8  DATED: 4/11/07

                                                                                  /s/ Gregory G. Hollows

                                                                                  GREGORY G. HOLLOWS
                                                                                  UNITED STATES MAGISTRATE JUDGE

GGH:009
mcdo2404.b1