IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEFFREY D. McDONALD,

     Plaintiff,                           No. CIV S-06-2404 MCE GGH P

   vs.

ROSEANNE CAMPBELL, et al.,

     Defendants.                 FINDINGS AND RECOMMENDATIONS

_____/

       By concurrently filed order, the court has found plaintiff's amended complaint appropriate for service upon several defendants. As plaintiff has been previously informed, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

       A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,

1  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
2  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
3  Cir. 1989); Franklin, 745 F.2d at 1227.

4         A complaint, or portion thereof, should only be dismissed for failure to state a
5  claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set
6  of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King &
7  Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also
8  Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing
9  a complaint under this standard, the court must accept as true the allegations of the complaint in
10 question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the
11 pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.
12 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

13         The defects of plaintiff's claims against defendant Lewis have not been cured in
14 the amended complaint.  As to those claims, the court has previously stated:

> As to plaintiff's allegations of sexual harassment by defendant Lewis for his highly offensive sexually oriented language directed toward plaintiff, such verbal abuse is not enough to state a violation of plaintiff's Eighth Amendment rights, where plaintiff does not allege that the language was not intended to do more than simply taunt plaintiff.  Plaintiff has not alleged, for example, that the verbal abuse was intended to incite an attack upon him or resulted in such an attack.  "Although prisoners have a right to be free from sexual abuse, whether at the hands of fellow inmates or prison guards, see Schwenk v. Hartford, 204 F.3d 1187, 1197 (9th Cir.2000), the Eighth Amendment's protections do not necessarily extend to mere verbal sexual harassment. See e.g., Blueford v. Prunty, 108 F.3d 251, 254-55 (9th Cir.1997) (holding that prison guard who engaged in 'vulgar same-sex trash talk' with inmates was entitled to qualified immunity); Somers v. Thurman, 109 F.3d 614, 624 (9th Cir.1997)."  Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004).  Even plaintiff's allegations that the "vulgar homosexual comments" were occasionally accompanied by threats does not rise to a constitutional violation because even threats of bodily injury are insufficient to state a claim, as a mere naked threat is not the equivalent of doing the act itself.  See Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987).

> To the extent that plaintiff intends to allege a cell search conducted by defendant Lewis was retaliatory, plaintiff is informed that in order to state a retaliation claim, a plaintiff must plead facts which suggest that retaliation for the exercise of protected conduct was the "substantial" or "motivating" factor behind the defendant's conduct. See Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989). The plaintiff must also plead facts which suggest an absence of legitimate correctional goals for the conduct he contends was retaliatory. Pratt at 806 (citing Rizzo at 532). As noted, verbal harassment alone is insufficient to state a claim. See Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987). However, even threats of bodily injury are insufficient to state a claim, because a mere naked threat is not the equivalent of doing the act itself. See Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987). Mere conclusions of hypothetical retaliation will not suffice, a prisoner must "allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights." Frazier v. Dubois, 922 F.2d 560, 562 (n. 1) (10th Cir. 1990).

Order, filed on April 12, 2007, pp. 3-4.

Plaintiff has failed to frame colorable claims against this defendant in his amended complaint and the court will now recommend dismissal of defendant Lewis from this action.

Plaintiff has also been previously cautioned that:

> [a]s to defendant Campbell, to the extent that plaintiff seeks money damages, the Civil Rights Act under which this action was filed provides as follows:
>
>> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.
>
> 42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson

> v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).
> Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Plaintiff has failed to link defendant Campbell to any affirmative act resulting in a constitutional deprivation suffered by plaintiff.

Id., at 4.

Once again plaintiff has not sufficiently ameliorated his allegations as to this defendant to proceed against her in her individual capacity and the court, having provided plaintiff with an opportunity to amend, will now recommend dismissal of defendant Campbell in her individual capacity only.

Accordingly, IT IS HEREBY RECOMMENDED that defendant C/O Lewis and defendant Campbell, in her individual capacity only, be dismissed from this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 03/26/08                                  /s/ Gregory G. Hollows
                                                 _____
                                                 GREGORY G. HOLLOWS
                                                 UNITED STATES MAGISTRATE JUDGE

GGH:009
mcdo2404.fr