IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **JEFFREY D. McDONALD,**<br><br>Plaintiff,<br><br>v.<br><br>**CAMPBELL, et al.,**<br><br>Defendants. | Case No. 2:06-CV-2404 RJT<br><br>**ORDER DENYING PLAINTIFF'S "OPPOSITION TO DEFENDANT'S SUPPLEMENTAL RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS" AND REQUEST FOR SANCTIONS** |

Before the court, Judge Robert J. Timlin, is plaintiff Jeffrey D. McDonald ("plaintiff" or "McDonald")'s "Opposition to Defendant's [sic] Supplemental Response to Plaintiff's Request for Production of Documents" (the "Opposition") and plaintiff's "Request for Sanctions due to Defendants [sic] Dilatory Motions and Contempt for this Court"s [sic] Orders" (the "Sanctions Request"). Also before the court is defendants Roseanne Campbell ("Campbell") and C. Gibson ("Gibson," collectively "defendants")'s response to the Opposition and Sanctions Request. Plaintiff has not filed a reply to defendants' response.

## I. BACKGROUND

On October 27, 2009, the court issued an order regarding outstanding discovery issues with respect to the parties' joint status reports (the "October Discovery Order"). By their joint status reports, defendants Campbell, Gibson, and defendant correctional officer Baker (not a party to

1

the instant discovery disputes),[1] as well as plaintiff, apprised the court of their attempts to meet and confer regarding plaintiff's request for further production of documents ("request for production") and informed the court of matters on which the parties could not reach an agreement. The court, by its October Discovery Order, then issued rulings with respect to the disputed requests for production.

The current dispute between plaintiff and defendants Campbell and Gibson centers on this court's rulings with respect to plaintiff's requests for further production numbered 15, 16, 19, 21, 22, and 23. By his Opposition and Sanctions Request, plaintiff contends that defendants have failed to comply with the court's October Discovery Order as to the listed requests for production. Plaintiff acknowledges that he received supplemental responses to the requests for production (which he attaches to his Opposition) but asserts that defendants' supplemental responses are deficient. He further argues by his Sanctions Request that he is entitled to sanctions against defendants and their counsel because of the defendants' failure to obey the court's order and the defendants' alleged dilatory motions in seeking extensions of time to respond to the October Discovery Order, though plaintiff does not articulate what type of sanctions he seeks.

Plaintiff's Opposition and Sanctions Request was filed on January 8, 2010. On January 20, 2010, defendants moved for a twelve-day extension of time to respond to plaintiff's Opposition and Sanctions Request. The court granted the extension, and defendants filed their response on

---

1. The court does not consider defendant Baker to be a party to the instant discovery disputes for multiple reasons. First, the Opposition is only directed at defendants Campbell and Gibson. While the Sanctions Request is directed at "defendants" and includes a reference to defendant Baker's counsel, plaintiff primarily refers to the events outlined in the Opposition as the basis for any court-imposed sanctions, and no where in the Sanctions Request does plaintiff specifically refer to defendant Baker. Furthermore, during the February 9, 2010 telephonic status conference, counsel for defendant Baker and plaintiff agreed that defendant Baker had made available to plaintiff all documents ordered to be disclosed pursuant to the court's October Discovery Order. Thus, with defendant Baker not specifically identified in the Opposition and Sanctions Request and upon the parties' agreement that Baker has complied with the October Discovery Order, the court is left in the dark regarding Baker's involvement in any discovery dispute. Out of an abundance of caution, defendant Baker filed an opposition to the Sanctions Request. However, the court finds that neither the Opposition nor the Sanctions Request implicates defendant Baker, and if plaintiff meant to so implicate defendant Baker, plaintiff's allegations are insufficient in that respect.

February 5, 2010. Defendants aver that they have fully complied with this court's October Discovery Order through their supplemental responses to the aforementioned requests for further production and argue that plaintiff's Opposition and Sanctions Request are without merit. At a February 9, 2010 telephonic status conference among the court, plaintiff, and the defendants' counsel, the court granted plaintiff until March 1, 2010, to file a reply to defendants' response. Plaintiff has not filed any reply.

## II.  ANALYSIS

Plaintiff has failed to show that defendants are not in compliance with this court's October Discovery Order. Thus, he has also failed to demonstrate that he is entitled to any sanctions. The court addresses each disputed request for production in turn.

Regarding requests for production 15 and 16, both of which are directed at defendant Campbell, the court denied plaintiff's requests for further production of documents as long as defendant Campbell filed a verified supplemental response attesting that she does not have any responsive documents in her possession, custody, or control. Plaintiff does not dispute that defendant Campbell filed a verified supplemental response in accordance with this court's order. Instead, he appears to disbelieve that she does not have any responsive documents. However, his distrust of defendant Campbell does not constitute noncompliance by defendant Campbell with this court's October Discovery Order. Thus, with respect to requests for production 15 and 16 and defendant Campbell's verified supplemental response to plaintiff, the court finds that defendant Campbell is in compliance with the court's October Discovery Order.

Likewise, with respect to requests for further production 19 and 23, directed at defendant Gibson, the court denied such requests subject to defendant Gibson providing a verified supplemental response[2] indicating that he has no responsive documents. Again, there is no

---

2. As stated *supra*, plaintiff attaches to his Opposition the supplemental responses completed by defendants Campbell and Gibson and timely provided to plaintiff on November 30, 2009. However, the attachments only include an executed verification by Campbell. As to defendant Gibson, plaintiff attaches a letter drafted by defense counsel that indicates defense counsel will shortly provide plaintiff with defendant Gibson's executed verification upon his return from a two-week trip. Furthermore, the court's October Discovery Order expressly required both defendants to execute verifications in support of their supplemental responses. As a result, on March 15, 2010,

dispute that defendant Gibson timely provided plaintiff with a supplemental response which represents that he has no documents responsive to requests for production 19 and 23.

While defendants did fail to provide plaintiff with defendant Gibson's executed verification in a timely manner, plaintiff's Opposition is not explicitly based on the lack of an executed verification; instead, plaintiff *simultaneously* objects to the supplemental responses of defendant Gibson and defendant Campbell - who did timely provide plaintiff with an executed verification - demonstrating that plaintiff objects to both defendants' representations in their supplemental responses whether or not they executed verifications. In other words, plaintiff's position that defendants are untruthful in their supplemental responses and actually have responsive documents that they are unwilling to disclose is not premised on any lack of executed verifications. Plaintiff seemingly would take the same position as to defendant Gibson even if plaintiff had already received defendant Gibson's verification.

The court does not condone the delay in providing plaintiff with defendant Gibson's executed verification. However, there is no reason to believe that the verification was not in fact executed on December 5, 2009, despite the failure to then provide the verification to plaintiff. Furthermore, the court cannot see how plaintiff was prejudiced in any significant way by the delay in receiving the Gibson verification, as there are still no responsive documents to provide plaintiff. Therefore, the court finds that defendant Gibson has sufficiently complied with the court's October Discovery Order regarding requests for production 19 and 23.

As to request for production 21, plaintiff generally sought documents from defendant Gibson regarding other lawsuits against defendant Gibson. While the court sustained certain

---

this court ordered defendants to provide it with both defendants' supplemental responses and executed verifications. Defendants did so on March 17, 2010. While defendant Gibson's executed verification is signed and dated December 5, 2009, defense counsel represents that "[d]ue to a clerical error, Defendant Gibson's verification had inadvertently not been provided to Plaintiff after Gibson returned to California." Thus, plaintiff will first receive defendant Gibson's verification upon receipt of defendants' March 17, 2010 response to this court's order. However, as discussed above, plaintiff's Opposition is not clearly premised on his failure to receive defendant Gibson's executed verification. While compliance with this court's October Discovery Order required a timely execution of verifications, the court finds no prejudice to plaintiff by the delay in the filing of Gibson's verification.

4

objections to request for production 21 by its October Discovery Order, the court found discoverable documents from other lawsuits not covered by the attorney-client privilege or work-product protections that involved allegations against defendant Gibson similar to the allegations in the instant lawsuit, *i.e.*, allegations that defendant Gibson knew of abuse of inmates by correctional officers and should have and could have transferred the inmates, but failed to do so. By his supplemental response, defendant Gibson represents that, other than the instant lawsuit, he has not been a party to legal actions involving such allegations against him.  Therefore, with the exception of documents already provided to plaintiff, Gibson informed plaintiff that Gibson has no responsive documents in his possession, custody, or control to disclose to plaintiff in response to request for production 21.  Plaintiff's cursory objection to defendant Gibson's supplemental response consists primarily of plaintiff's implied assertion that defendant Gibson is being untruthful.  Plaintiff's objection is left rather underdeveloped, but considering plaintiff assumes responsive documents must exist, the court deduces that he must mean to assert that Gibson is falsely representing that he has no responsive documents.

   However, plaintiff provides no evidence suggesting that defendant Gibson has in fact been a party to other similar lawsuits or any other evidence tending to show that defendant Gibson is misrepresenting the truth.  The court again does not find that the delay in providing plaintiff with an executed verification is sufficient evidence tending to show that defendant Gibson is lying, as defendant Gibson, by ultimately executing a verification, has nonetheless made his supplemental response under penalty of perjury.  And, as defendant Gibson points out, he cannot produce documents that to his knowledge do not exist.  As such, the court finds that defendant Gibson's verified supplemental response to request for production 21 satisfies this court's October Discovery Order, and plaintiff's Opposition as to request for production 21 is therefore without merit.

   Finally, regarding request for production 22, while the court sustained certain objections by defendant Campbell to the request, the court ordered defendant Campbell to produce any documents in her possession, custody, or control not covered by the attorney-client privilege or work-product protection from other lawsuits that involved allegations against Campbell similar

to allegations in the instant lawsuit, *i.e.*, that she knew of physical abuse of inmates perpetrated by correctional officers who worked under her supervision but failed to intervene or take other appropriate action. By her verified supplemental response to the court's October Discovery Order, defendant Campbell represents that, while inmates have filed lawsuits against her for a myriad of claims, the instant lawsuit is the only legal action of which she is aware that involves allegations against her asserting that she knew of physical abuse perpetrated by correctional officers who worked under her supervision but failed to intervene or otherwise adequately respond to the situation. Due to his rather conclusory argument in the Opposition, the court again assumes that plaintiff takes the position that defendant Campbell must be misrepresenting that she knows of no other relevant lawsuits and therefore has no documents to disclose. However, plaintiff once more provides the court with no evidence tending to suggest that defendant Campbell is lying and actually has been involved in other lawsuits alleging like allegations to the instant action. As such, the court finds that plaintiff's objection to defendant Campbell's supplemental response to request for production 22 is without merit and that defendant Campbell has complied with the court's October Discovery Order by her verified supplemental response to request for production 22.

Because plaintiff has failed to show that defendants Campbell and Gibson did not comply with the court's October Discovery Order, he has also failed to demonstrate that sanctions for noncompliance are warranted in this matter. By his Sanctions Request, plaintiff presents no other reason than the alleged failure to comply with this court's October Discovery Order as the basis for imposing discovery sanctions against defendants Campbell and Gibson. The court therefore will deny the Sanctions Request.

//
//
//
//
//
//

### III.  DISPOSITION

For the foregoing reasons, it is ordered that plaintiff McDonald's Opposition and Sanctions Request are denied based on the court's finding that defendants Campbell and Gibson did comply with this court's discovery order dated October 27, 2009.

Dated: March 30, 2010                         /s/ Robert J. Timlin

                                                          U.S. DISTRICT JUDGE