# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

JEFFREY D. MCDONALD            Case No.  2:06-CV-02404 RT

    Plaintiff,

v.

ROSEANNE CAMPBELL, et al.      **PRETRIAL ORDER**

    Defendants.

_____/

    Plaintiff Jeffrey D. McDonald is a state prisoner proceeding *pro se* with a prisoner civil rights action commenced on October 31, 2006.  The case is proceeding on plaintiff's first amended complaint ("FAC") against defendant Jeffrey L. Baker ("Baker"), alleging that Baker, as a California Department of Corrections and Rehabilitation ("DOCR") Officer, violated 42 U.S.C. § 1983 by depriving plaintiff of his Eighth Amendment right by subjecting plaintiff, who was in the custody of the DOCR, to verbal and physical abuse, including sexual abuse, which resulted in physical and emotional injury to him.

    Plaintiff and Natasha Langenfeld, attorney for Baker, were present at the pre-trial conference held on July 6, 2010.  Counsel for Baker timely submitted a pretrial statement pursuant to court order.  As of the date of the telephonic pre-trial conference, plaintiff's pre-trial statement had not been received by the court or counsel for defendant Jeff Baker.   Plaintiff's pre-trial statement was subsequently filed with the court on July 9, 2010.  *See* Docket No.  132.

After the conclusion of the pretrial conference, the court ordered the parties to file a proposed pretrial conference order ("PTCO") no later than August 15, 2010. Baker filed his proposed PTCO timely. Plaintiff did not do so but submitted a letter to the court, dated August 10, 2010 and received by the court on August 23, 2010, requesting an extension of time for filing his PTCO to September 1, 2010. Finding good cause, the court granted Plaintiff's request. As of October 28, 2010, Plaintiff had not filed his proposed PTCO.

**JURISDICTION/VENUE**

Plaintiff seeks relief under 42 U.S.C. § 1983. Accordingly, the court has jurisdiction over this matter pursuant to 28 U.S.C. § § 1331 and 1342. Plaintiff's claim arises out of events occurring in Sacramento County and venue is therefore proper in the United States District Court for the Eastern District of California sitting in Sacramento. 28 U.S.C. § 1391.

**JURY/NON-JURY**

Baker demanded a jury trial in his answer to plaintiff's FAC and in his pretrial statement. Accordingly, trial will be by jury.

**UNDISPUTED FACTS**

1. The plaintiff is a convicted felon who was incarcerated at Mule Creek State Prison during all times relevant to this case.
2. Baker is a Correctional Officer employed by the DOCR at Mule Creek State Prison.
3. The warden of Mule Creek State Prison ordered an investigation as to Plaintiff's allegations against Baker. Plaintiff was issued a Rules Violation Report for making a false allegation against Baker after this investigation.
4. Plaintiff was found guilty at his Rules Violation hearing for making a false allegation against Baker, and lost 30 days of good time credit. Plaintiff did not appeal the guilty finding.
5. Plaintiff did not request medical care until November 22, 2005. Plaintiff's medical records do not reflect an injury during the time periods relevant to this case.

**DISPUTED FACTS**

1. Baker disputes Plaintiff's allegation that Baker physically assaulted him with a state-issued side baton in a sexual manner in October 2005.
2. Baker disputes that Plaintiff suffered any injuries in October or November of 2005.
3. Baker disputes Plaintiff's allegation that Baker sexually harassed him verbally.
4. Baker disputes that he was employed as a Correctional Officer at Mule Creek State Prison during October and November of 2005.
5. Plaintiff disputes that Baker was on administrative leave and was not on prison grounds during the middle of October 2005.

**DISPUTED EVIDENTIARY ISSUES**

Plaintiff does not object to the evidence listed by Baker in his pretrial statement, which includes the following:

1. Central File for Jeffery McDonald, including (but not limited to) all medical records and Rule Violation Reports;
2. Baker's time sheets;
3. Plaintiff's 602 grievances;
4. Plaintiff's complaint and other pleadings;
5. Mule Creek State Prison sign-in sheets for October 2005;
6. Expert Report prepared by Dr. Parnell Galloway; and
7. Curriculum Vitae of experts.

**RELIEF SOUGHT**

Plaintiff seeks compensatory and punitive damages.  Baker seeks judgment in this case, costs, and any other relief the court deems appropriate.

**TRIAL BRIEFS**

The parties' trial briefs shall comply with the requirements of Local Rule 16-285 (a) and shall be filed and served no later than ten (10) court days prior to trial.  Answering briefs shall be served and filed three days before trial.  See Local Rule 16-285.

**WITNESSESS**

Plaintiff anticipates testifying and calling the following witnesses at trial:

1. Inmate Gilbert Frank Bracamonte
2. Inmate Earl Warner
3. Inmate Billy R. Williams
4. Inmate Trivon Lockett
5. Inmate Dante Flowers
6. Correctional Counsel D. Reyes
7. Inmate Kevin Williams
8. Inmate William Williams;  and
9. Lieutenant M. Williams, DOCR

Baker anticipates testifying and calling the following witnesses at trial:

1. Plaintiff Jeffery McDonald
2. Defendant Jeff Baker
3. Sheila Zangrilli, R.N.
4. Carolyn Clark, R.N.
5. Brenda Montelong, R.N.
6. Lieutenant David Starnes
7. Lieutenant David Swaney
8. Dr. Parnell Galloway, M.D.
9. Dr. Walter Pepper, M.D.
10. Margaret Holstein, Staff Services Manager
11. Roseanne Campell, retired Warden of Mule Creek State Prison
12. G. Machado, Lieutenant
13. S.J. Delao, Lieutenant
14. C. Gibson, Lieutenant

No witnesses other than those listed in this pretrial order will be permitted to testify at trial unless:

(1) The party offering the witness demonstrates that the witness is called for the purpose of rebutting evidence which could not have been reasonably anticipated at the time of the pretrial conference; or

(2) The witness was discovered after the time of the pretrial conference and the proffering party makes the showing required below:

    a. Upon the post pretrial conference discovery of any witness, the party shall promptly inform the court and the opposing parties of the existence of the unlisted witness so that the court may consider at trial whether the witness will be permitted to testify.  Unlisted witnesses will not be permitted to testify unless:

        i. The witnesses could not have reasonably have been discovered prior to the pretrial conference;

        ii. The court and opposing party were promptly notified upon discovery of the witnesses; and

        iii. If time permitted, the party proffered the witness for deposition.  If time did not permit proffering the witnesses for deposition, a reasonable summary of the witnesses' testimony was provided to the opposing party.

**EXHIBITS**

Plaintiff did not present in his pretrial statement a list of exhibits to be offered by him at trial.  During the telephonic pre-trial conference plaintiff stated that he would proffer medical records from his central prison file, and subpoena the custodian of records of Baker's personnel file.

Defendant anticipates offering the following exhibits:

A.    Central File for Jeffery McDonald, including (but not limited to) all medical records and Rule Violation Reports.

B.    Baker's time sheets.

C.    Plaintiff's 602 grievances.

     D.       Plaintiff's FAC and other pleadings.

     E.       Mule Creek State Prison sign-in sheets for October 2005.

     F.       Expert Report prepared by Dr. Parnell Galloway.

     G.       Curriculum Vitae for all experts

**The parties shall exchange copies of all their exhibits at least fifteen (15) court days prior to the trial date. The marking and indexing of exhibits shall be made at least three court (3) days prior to the trial date. Prior to the beginning of trial, the pre-marking of exhibits shall be done with the assigned Deputy Clerk of the Court.**

Each party shall file and serve any and all objections to the other party's exhibits no later than five (5) days before trial. Each exhibit not timely objected to may be received into evidence at trial forthwith.

No exhibit not listed in this pretrial order may be introduced at trial unless:

1. The party proffering the exhibit demonstrates that the exhibit is for the purpose of rebutting evidence which could not have been reasonably anticipated at the time of pretrial conference; or
2. The exhibit was discovered after the issuance of this order and the proffering party makes the showing required below
   a. Upon the post pretrial conference discovery of any exhibit, the party shall promptly inform the court and opposing parties of the existence of the exhibit so that the court may consider at trial whether the party will be permitted to proffer the exhibit. Such exhibits will not be admitted unless the proffering party demonstrates:
      i. The exhibits could not reasonably have been discovered earlier;
      ii. The court and opposing party were promptly informed of the existence of the exhibits; and
      iii. The proffering party forwarded copies of the exhibits (if physically possible) to the opposing party. If the exhibits can not be copied, the proffering party must show that the exhibits

were made reasonably available for inspection by the opposing party.

Each party shall bring to trial, for the court's use, the original and one copy of each party's exhibits. The original exhibits will be lodged with the court for purposes of trial, and the copies are required for bench use during trial.

**STIPULATIONS**

None.

**AGREED STATEMENTS**

None.

**SEPARATE TRIAL OF ISSUES**

The trial shall be bifurcated into two stages. In the first stage, the jury will decide the issues of liability, causation, harm or injury, entitlement to compensatory damages and the amount thereof. If at the first stage the jury finds Baker liable for punitive damages, the second stage of the trial involves the jury's determination of the amount of punitive damages.

**FURTHER TRIAL PREPARATION**

1. Motions in Limine Hearing and Briefing Schedule

Any party may file a motion in limine. The purpose of a motion in limine is to establish in advance of the trial that certain evidence should not be offered at trial. Although the Federal Rules do not explicitly provide for the filing of motions in limine, the court has the inherent power to hear and decide such motions as a function of its duty to expeditiously manage trials by eliminating evidence that is clearly inadmissible for any purpose. *Luce v. United States*, 469 U.S. 38, 41 n. 4 (1984).

All motions in limine must be served on the other party, and filed with the court, by January 3, 2011.

2. Trial Briefs

Trial briefs shall be filed and served in accordance with Local Rule 16-285.

**PROPOSED JURY VOIR DIRE; PROPOSED JURY INSTRUCTIONS; WITNESS LIST; EXHIBIT LIST**

Plaintiff and Baker shall submit to the court and serve on the opposing party Proposed Voir Dire, Proposed Jury Instructions, Exhibit Lists and Witness Lists no later than December 29, 2010.

**TRIAL DATE AND ESTIMATED TIME OF TRIAL**

January 4, 2010, in Sacramento, California.  Parties estimate a ten (10) day trial by jury.

**LEGAL EFFECT OF THE PRETRIAL ORDER**

Under Federal Rules of Civil Procedure, Rule 16(d), this pretrial conference order controls the course of this action unless the court modifies it.

**IT IS SO ORDERED.**

**Dated: October  28, 2010**         / S /
                                     ROBERT J. TIMLIN, JUDGE